```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT

-------------------------------X
                               :
VINCENT LOPIANO,               :
                               :
     Plaintiff,                :   Civil No. 3:22CV00995(AWT)
                               :
v.                             :
                               :
COSTCO WHOLESALE CORPORATION,  :
and COSTCO WHOLESALE           :
MEMBERSHIP, INC.,              :
                               :
     Defendants.               :
                               :
-------------------------------X
```

**RULING ON MOTION TO REMAND**

Plaintiff Vincent Lopiano filed this personal injury action against defendants Costco Wholesale Corporation and Costco Wholesale Membership, Inc. in Connecticut Superior Court, Judicial District of Stamford, on June 29, 2022 with a "Return Date of August 2, 2022[.]" Doc. #1 at 1. On August 4, 2022, the defendants removed the action to federal court pursuant to "28 U.S.C. §1336 and 28 U.S.C. §1446" on the basis of "diversity jurisdiction[.]" Id. at 1.

The plaintiff timely filed a motion to remand this action to Superior Court on the ground that the defendants have failed to sustain their "burden to prove that damages in this case are greater than $75,000.00." Doc. #13 at 1. The defendants object, contending, in relevant part, that "the allegations of the

1

Complaint clearly reflect that plaintiff is claiming serious and disabling injuries[,]" such that "it would appear that plaintiff is claiming he sustained injuries in excess of $75,000." Doc. #14 at 2. For the reasons stated below, the plaintiff's Motion to Remand is being granted.

I.   FACTUAL BACKGROUND

For purposes of deciding the motion to remand, the court takes the following factual allegations made in the Complaint as true.

On the morning of December 23, 2020, the plaintiff entered an elevator on the defendants' premises, which "malfunctioned causing the Plaintiff to become stuck in the elevator." Doc. #1 at 6. The doors to the elevator remained partially open, but not enough for plaintiff to exit the elevator. See id. at 7. At the instruction of the defendants' employees, the plaintiff attempted "to pry the [elevator] door open when suddenly, and without warning, the elevator doors closed thereby trapping and crushing the plaintiff's right hand[.]" Id.

The plaintiff alleges that as a result of this incident he has "suffered serious physical injuries including: Right hand pain and swelling; Right thumb pain and swelling; Right hand lacerations, abrasions and contusions; Blood clots; Muscle spasms; Headaches; Loss of sleep; General feeling of malaise." Id. at 8. The plaintiff also alleges that he

2

has suffered the additional injuries, some of which may be permanent.

   a. has incurred and will continue to incur medical, hospital, drug, medical equipment and therapeutic expenses in the future;

   b. has suffered and will continue to experience pain and suffering in the future;

   c. has suffered and will continue to suffer mental anguish, mental anxiety and emotional distress in the future;

   d. has suffered permanent impairment of his ability to carry on life's activities which he had enjoyed before the accident;

Doc. #1 at 8-9.

In the Statement of Amount in Demand attached to the Complaint, the plaintiff asserts: "The amount, legal interest or property in demand is greater than TWO THOUSAND FIVE HUNDRED DOLLARS ($2,500.00), exclusive of interest and costs." Id. at 10.

## II. APPLICABLE LAW

Pursuant to 28 U.S.C. §1441,

   any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by ... the defendants[] to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. §1441(a). District courts have jurisdiction based on diversity of citizenship in "civil actions where the matter in controversy exceeds the sum or value of $75,000 ... and is

between ... citizens of different States[.]" 28 U.S.C. §1332(a). A defendant, as the removing party, bears the burden of establishing subject matter jurisdiction. See Curcio v. Hartford Fin. Servs. Grp., 469 F. Supp. 2d 18, 21 (D. Conn. 2007).

The "jurisdictional threshold amount is ordinarily established by the face of the complaint and the dollar-amount actually claimed." Price v. PetSmart, Inc., 148 F. Supp. 3d 198, 200 (D. Conn. 2015); see also Daly v. United Airlines, Inc., No. 3:17CV00977(CSH), 2017 WL 3499928, at *3 (D. Conn. Aug. 16, 2017) ("In order to determine ... the amount in controversy, courts must first look to the plaintiff's complaint and then to the defendants' petition for removal."). "Where, as here, jurisdictional facts are challenged, the party asserting jurisdiction must support those facts with competent proof and justify its allegations by a preponderance of evidence." United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc., 30 F.3d 298, 305 (2d Cir. 1994) (citation and quotation marks omitted); see also Daly, 2017 WL 3499928, at *3 (If the complaint and notice of removal are "inconclusive[]" as to the amount in controversy, the court "may look outside those pleadings to other evidence in the record." (citation and quotation marks omitted)). "Importantly, the party seeking removal must support its asserted jurisdictional facts

4

with competent proof." Daly, 2017 WL 3499928, at *2 (citation and quotation marks omitted).

**III. DISCUSSION**

The plaintiff asserts that the defendants have failed "to show that the amount in controversy is more than $75,000.00." Doc. #13-1 at 4. The defendants contend that "based on the nature of the allegations alone it would appear that plaintiff is claiming he sustained injuries in excess of $75,000." Doc. #14 at 2.[1]

The defendants have failed to show by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.

First, the Complaint alleges relatively minor injuries, other than a blood clot. The plaintiff alleges that he suffered contusions and lacerations. See Doc. #8 at 1. There are no allegations of broken bones, torn ligaments, or permanent impairment to the plaintiff's right hand. The plaintiff alleges continued pain and "permanent impairment of his ability to carry on life's activities[,]" which could plausibly increase the

---

[1] On August 5, 2022, the court entered an Order requiring that by August 19, 2022, the plaintiff "file a Notice on the docket stating whether he agrees that the amount in controversy in this case exceeds $75,000.00, so as to support diversity jurisdiction." Doc. #11. Included with plaintiff's Motion to Remand is a "Notice of Dispute Regarding Minimum Damages." Doc. #13 at 1. The plaintiff states: "Unless Costco is willing to stipulate that damages in this case are a minimum of $75,000.00, this case must be remanded as it cannot meet its burden of persuasion to justify removal." Id.

potential damages. Doc #1 at 9. It nevertheless remains unclear from the face of the Complaint whether the amount in controversy exceeds $75,000.00. See Daly, 2017 WL 3499928, at *3 (The amount in controversy was not clear on the face of the complaint where the complaint alleged that plaintiff had "sustained serious physical injuries, some or all of which may be permanent in nature." (citation and quotation marks omitted)).

Second, the defendants have submitted no evidence in support of their assertion as to the amount in controversy.

Finally, the plaintiff has characterized his damages only as "greater than" $2,500.00. Doc. #1 at 10. "Although [plaintiff's] demand did not set an upper limit, it was filed in accordance with the requirement of Connecticut law for a plaintiff to specify an amount of $2,500 for a demand that is more than $2,500 but less than $15,000." James v. Costco Wholesale Corp., No. 3:21CV01698(VAB), 2022 WL 2093057, at *3 (D. Conn. June 10, 2022); see also Southington '84 Assocs. v. Silver Dollar Stores, Inc., 678 A.2d 968, 972 (Conn. 1996) ("To comply with [Section 52-91], a plaintiff need only state which of the three categories applies to the case: less than $2500; $2500 or more, but less than $15,000; or $15,000 or more." (footnote omitted)). Thus, "[i]t is clear that when plaintiff filed h[is] complaint []he did not contemplate damages of more

6

than $15,000 — much less quintuple that amount of $75,000." Price, 148 F. Supp. 3d at 201.

"Defendants have the burden to prove that the jurisdictional amount has been met by a preponderance of the evidence, and must use competent proof to do so." Daly, 2017 WL 3499928, at *4. Here, the defendants have not met that burden. Accordingly, the plaintiff's motion to remand should be granted. See, e.g., James, 2022 WL 2093057, at *2-3 (remanding case to Connecticut Superior Court on similar facts); Price, 148 F. Supp. 3d at 201 (same).

**IV. CONCLUSION**

For the reasons stated, the plaintiff's Motion to Remand [**Doc. #13**] is hereby **GRANTED**. The Clerk of the Court shall close this case and **REMAND** the action in accordance with Local Rule 83.7 to the Connecticut Superior Court, Judicial District of Stamford. See D. Conn. L. R. 83.7 (The Clerk of the Court shall transmit the order of remand to the State Court "on the eleventh day following the order of ... remand[.]").

It is so ordered at Hartford, Connecticut, this 13th day of October, 2022.

/s/AWT
Alvin W. Thompson
United States District Judge

7